## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   ROBERT Y. DUVAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-1128-SLP |
| | ) | |
| 1.   BOARD OF COUNTY | ) | |
| COMMISSIONERS OF JACKSON | ) | |
| COUNTY, OKLAHOMA, and | ) | |
| 2.   MIKE WALLACE, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY LIEN CLAIMED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Robert Y. Duval, by and through his counsel of record, Stockton Talbert, respectfully files his Complaint against Defendants Board of County Commissioners of Jackson County, Oklahoma, and Mike Wallace.

## Parties

1.      Plaintiff Robert Y. Duval ("**Plaintiff**" or "**Duval**") is a resident of Jackson County, Oklahoma who was born in August of 1940.

2.      Defendant Board of County Commissioners of Jackson County, Oklahoma (the "**Board**") is a governmental entity which operates and/or conducts business in and for Jackson County, Oklahoma ("**Jackson County**").

3.      Defendant Mike Wallace ("**Wallace**") is the Jackson County Commissioner for District 1 who assumed office in 2019.

4.     Wallace is a Jackson County Commissioner who acted under the color of his authority at all times relevant to this action.

## Jurisdiction & Venue

5.     This civil action arises out of Duval's former employment with Jackson County and is based on claims under (a) the Age Discrimination in Employment Act of 1967 ("**ADEA**"), as amended, 29 U.S.C. § 621, *et seq.*; (b) the Americans with Disabilities Act of 1991 ("**ADA**"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*; (c) the Family and Medical Leave Act of 1993 ("**FMLA**"), in violation of 29 U.S.C. § 2601, *et seq.*; (d) the Equal Protection Clause of the 14th Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983; and (e) the Oklahoma Administrative Workers' Compensation Act (the "**Act**"), Okla. Stat. tit. 85A, § 1, *et seq.*

6.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. §§ 623-626, 29 U.S.C. § 2617, and/or 42 U.S.C. § 12117(a).

7.     This Court also has supplemental jurisdiction over Duval's state claims pursuant to 28 U.S.C. § 1367(a) because it is so related to Duval's federal claims as to form the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b).

9.     Defendants are located and can be served in Jackson County, all acts complained of occurred in or around Jackson County, and Jackson County is in the judicial district for the United States District Court for the Western District of Oklahoma.

10.     Duval exhausted his administrative remedies with the Equal Employment Opportunity Commission ("**EEOC**") before filing this action.

11.     Duval submitted a Charge of Discrimination to the EEOC on or about May 13, 2019, which was assigned EEOC Charge No. 564-2019-00669.

12.     The EEOC issued Duval a Dismissal and Notice of Rights letter dated on or about September 4, 2019.

13.     Duval files this action within ninety (90) days of the date of the EEOC's Dismissal and Notice of Rights letter.

14.     All conditions precedent to filing this action have occurred or have been performed.

## Statement of the Claim

15.     Duval was employed by Jackson County from on or about November 4, 2013 until his discharge on or about February 15, 2019.

16.     Duval was hired as the Road Foreman for Jackson County in 2013 by then-County Commissioner Marty Clinton ("**Clinton**"), his direct supervisor.

17.     Duval was qualified for his position with Jackson County.

18. Duval had back surgery in 2010 and, since the surgery, Duval can only lift items fifteen (15) pounds or less.

19. Duval is disabled under the ADA, but could perform the essential functions of his job, with or without reasonable accommodations.

20. Clinton was aware of Duval's restriction when he hired Duval as the Road Foreman.

21. Duval's disability did not affect his ability to do his job.

22. In or around April 2018, Duval suffered an additional injury to his back while performing services for the county.

23. Duval notified Jackson County of his injury.

24. In or around October 2018, Duval's doctor informed him that he would need surgery on his back.

25. On or about January 2, 2019, Wallace took over as Jackson County Commissioner for District 1 from Clinton.

26. On or about January 3, 2019, Duval was demoted by Wallace from Road Foreman to Road Worker, without notice or explanation.

27. To replace Duval, Wallace hired a younger employee for the Road Foreman position.

28. In or around January 2019, Wallace told Duval that Wallace had replaced him and implied to Duval it was time for him to retire, specifically stating that Duval should "buy a fishing pole and go fishing."

4

29.   In another conversation in or around January 2019, Wallace demanded that Duval take medical leave in order to have a back surgery and told Duval he would be required to pass a medical examination to determine if he was still able to work.

30.   On or about February 15, 2019, Wallace again demanded that Duval take medical leave and get back surgery or he would be discharged because he was "a liability to the County."

31.   Duval told Wallace that he was not ready to have surgery.

32.   Duval was able to perform the essential functions of his job at the time Wallace demanded he have surgery and take medical leave.

33.   Wallace's demand that Duval have surgery and take medical leave was harassing, created a hostile work environment, and was an effort to unlawfully remove Duval from his employment for pretextual reasons.

34.   On or about February 15, 2019, Wallace discharged Duval.

35.   Duval was seventy-eight (78) years old at the time Wallace discharged him.

36.   Wallace discharged Duval because of his age, disability, to avoid accommodating his disability, to interfere with and/or retaliate against Duval because of his need for medical leave, and/or to retaliate against Duval because of his work-related injury.

37.    Wallace had no basis to demote and/or discharge Wallace, rational or otherwise.

38.    Duval was an exemplary employee who had never been disciplined during his tenure with Jackson County.

39.    Wallace was a county official with final policy-making authority over personnel matters involving Duval.

40.    The Board is the chief administrative office of Jackson County.

41.    The Board approves and oversees county budget and functions as the business manager for Jackson County.

42.    The Board is responsible for developing personnel policies for county employees, including the employees assigned to District 1.

43.    The Board has statutory and supervisory responsibilities over all Jackson County officers and employees, including Wallace and Duval.

44.    The Board is responsible for appropriating funds that will enable fellow County Commissioners to hire and keep capable employees, provide for their instruction, and provide supplies and equipment for the various Jackson County departments.

45.    In addition, pursuant to Jackson County's employee personnel handbook, the Chairman of the Board of the County Commissioners is responsible for various personnel matters for all county employees, including

investigating complaints or grievances, rendering final determinations on behalf of the County, and resolving other work-related concerns.

46. The Board and/or Jackson County have a duty to train and supervise new county commissioners when they assume office about the rights of county employees under federal and state law.

47. Jackson County failed to properly train or supervise Wallace after he assumed office and demonstrated a deliberate indifference to Duval's rights.

48. Duval was discharged in violation of his rights because of Jackson County's failure to train or supervise Wallace.

49. Duval has suffered damages, including lost wages (past and future), liquidated damages, emotional distress damages, and other actual damages.

50. Duval is entitled to punitive damages because Wallace's conduct was intentional, willful, wanton, or in reckless disregard of Duval's rights.

51. Duval also seeks to recover attorneys' fees, costs, prejudgment interest, post-judgment interest, and all other relief allowed by law or equity.

**WHEREFORE**, Plaintiff Robert Duval prays the Court enter judgment against Defendants Board of County Commissioners of Jackson County, Oklahoma and Mike Wallace and award him actual damages, liquidated damages, emotional distress damages, punitive damages, attorney's fees, costs,

prejudgment interest, post-judgment interest, and all other relief allow by law or equity.

Respectfully submitted,

**ROBERT DUVAL**,
Plaintiff, by and through:

_____
Joshua Stockton, OBA # 21833
Laura Talbert, OBA # 32670
Jaklyn Garrett, OBA # 31556
**STOCKTON TALBERT, PLLC**
1127 NW 14th Street
Oklahoma City, OK 73106
Phone: (405) 225.1200
Email: jstockton@stocktontalbert.com
**ATTORNEYS FOR PLAINTIFF**